THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBIN TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-cv-00416 |
| | § | |
| TEXAN CREDIT CORPORATION AND | § | |
| STACY PLEDGER, | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR
IMPROPER VENUE AND DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiff Robin Taylor ("Taylor") files this Response to Defendant Texan Credit Corporation's Motion to Dismiss for Improper Venue and Defendant Texan Credit Corporation's Motion to Transfer Venue, and in support thereof would show the following:

I. SUMMARY OF THE ARGUMENT

1. Taylor, a resident of Brazoria County, Texas, filed suit against Texan Credit Corporation (the "Company"), a Texas corporation, and Stacy Pledger ("Pledger"), an owner of the Company, for unpaid wages and unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. Section 216(b)(2010)(the "FLSA").[1]  Taylor, a Senior Assistant in the Company's Brazoria County branch office, brought suit in the Southern District of Texas, the federal district encompassing Brazoria County.

2. Nevertheless, the Company argues that venue is improper

---

1 The FLSA provides for venue in any district where the defendant resides or where a substantial part of the actions or omissions that form the basis of the action occurred. 28 U.S.C. § 1391(b).

in the Southern District of Texas, and as a result, seeks to have this Court dismiss Taylor's suit in its entirety, pursuant to FRCP 12(b)(3). In the alternative, the Company argues that Taylor's suit should be transferred to the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and the witnesses.

3.     As shown below, Taylor brought this suit in the Southern District of Texas as a substantial part of the events or omissions giving rise to Taylor's overtime claims occurred in the Southern District. Because Taylor has met her burden to sustain venue, the Company's Motion to Dismiss should be denied. Further, because the Company has failed to sustain its burden of showing that good cause exists supporting a transfer of venue to the Eastern District of Texas, this Court should also deny the Company's Motion to Transfer.

## II. FACTUAL ALLEGATIONS

4.     It is undisputed that the Company employed Taylor as an assistant supervisor in the Company's Lake Jackson, Texas office. Additionally, the Company judicially admits that Taylor's employment lasted for a period of approximately two years, that the Company paid Taylor an hourly rate of pay, and that Taylor was non-exempt.     See Plaintiff's Original Complaint and Defendant's Original Answer.

5.     Briefly put, Taylor was employed in the Lake Jackson,

-2-

Texas office, all of Taylor's working hours were performed at the Lake Jackson office, Taylor's co-workers and witnesses were employed at the Lake Jackson office, and Taylor was compensated at the Lake Jackson, Texas office. See Exhibit "A."

6. Taking these uncontroverted factual allegations as true, pursuant to the general venue statute, 29 U.S.C. § 1391(b)(2010), it is clear that venue is proper in this district.

### III. APPLICABLE LEGAL STANDARDS

#### A. Dismissal and/or Transfer of Venue
#### Pursuant to Federal Rule of Civil Procedure 12(b)(3)

7. When a party moves to dismiss an action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), the burden to sustain venue lies with the plaintiff. Psarros v. Avior Shipping, Inc., 192 F. Supp. 2d 751, 753 (S.D. Tex. 2006). The plaintiff can meet this burden by setting forth facts that, taken as true, establish venue. Psarros, 192 F. Supp. 2d at 753. Courts accept uncontroverted facts contained in the plaintiff's pleadings as true and resolve conflicts in the evidence in the plaintiff's favor. Psarros, 192 F. Supp. 2d at 753.

8. Although a defendant does not need to affirmatively disprove all bases for the plaintiff's venue choice, courts will give the plaintiff every benefit of the doubt in ascertaining what facts control its legal decision. Psarros, 192 F. Supp.2d at 753. See also Guerrero v. Habla Communicaciones, No. H-05-3620, U.S. Dist. LEXIS 41358 (S.D. Tex. March 16, 2006) ("the plaintiff's

-3-

choice of forum is highly esteemed and typically entitled to great deference, unless the plaintiff resides outside the forum district or the operative facts of the action occurred elsewhere); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966); Johnson v. Big Lots Stores, Inc., 2005 U.S. Dist. Lexis 2221, 2005 WL 357200, at *3 (E.D. La. 2005).

9. Applied here, Taylor's uncontroverted factual allegations establish that the primary situs of material events is Brazoria County, Texas. As such, venue is proper within this district.

B. Transfer of Venue Pursuant to 28 U.S.C. Section 1404(a)

10. A transfer of venue under 28 U.S.C. Section 1404(a) ("1404") is within the discretion of the district court. Novartis Vaccines And Diagnostics, Inc. v. Hoffman-LA Roche, Inc., 597 F. Supp. 2d 706 (E.D. Tex. 2009). However, the defendant who brings a motion to transfer venue bears the burden to prove why the case should be transferred to an alternate forum. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966)).

11. Under Section 1404(a), the Court may transfer an action to any other district where the plaintiff could have filed suit for the convenience of parties and witnesses. 28 U.S.C. Section 1404(a). However, the defendant must first demonstrate that the plaintiff could have brought the action in the transferee court initially. See Hoffman v. Blaski, 363 U.S. 335, 343-44, 4 L. Ed. 2d 1254, 80 S. Ct. 1084 (1960); In re Volkswagen AG, 371 F.3d 201,

203 (5th Cir. 2004).  Once this initial showing has been made, a defendant seeking a transfer of venue pursuant to Section 1404 must show good cause.  In Re: Volkswagon Of America, Inc., 545 F. 3d 304, 315 (5th Cir. 2008).

12.  More specifically, a defendant must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of the parties and witnesses, in the interest of justice.  In Re: Volkswagon, 545 F. 3d at 315.  When the transferee venue is not clearly more convenient, the plaintiff's choice of venue should be respected.  In Re: Volkswagon, 545 F. 3d at 315. See Trevino v. Louisiana-I Gaming, 2002 U.S. Dist. LEXIS 888, 2002 WL 27769, No. Civ. A. 00-3110, at *2 (E.D. La. 2002) (as a general rule, if the balance of public and private interest factors does not strongly favor the movant, "the district court will not disturb a plaintiff's choice of forum" citing In re McDonnell-Douglas Corp., 647 F.2d 515, 517 (5th Cir. 1981).

13.  Here, Taylor's choice of venue should be respected because the Company has failed to clearly demonstrate that Timpson, Texas, and/or the Eastern District of Texas is a more convenient forum.

## IV. ARGUMENT AND AUTHORITY

### A. Venue Is Proper In The Southern District Of Texas

14.  Taylor appropriately chose this forum pursuant to 29 U.S.C. Section 1391(b)(2010) because a substantial part of the

events giving rise to this claim occurred in the Southern District of Texas. Specifically, Taylor performed the overtime work in question at the Company's place of business located in Brazoria County. See Exhibit "A." Additionally, Taylor interacted with Company employees in Brazoria County, and several of her co-workers witnessed the number of hours Taylor worked. See Exhibit "A." These witnesses, both current and former employees of the Company, maintain their residence in Brazoria County. See Exhibit "A." Finally, the Company paid Taylor in Brazoria County. See Exhibit "A."

15. Even though some personnel and payroll decisions may have been made elsewhere, the primary site of material events is Brazoria County, Texas. See Guerrero, No. H-05-3620, 2005 U.S. Dist. LEXIS 41358 (holding that while personnel and payroll decisions in FLSA suit may have been made elsewhere, the "primary situs of material events" was the plaintiffs' workplace, located in the Southern District of Texas). Under these facts, venue is proper in this district. See also Moreno v. Poverty Point Produce, Inc., 243 F.R.D. 265 (S.D. Tex. 2007).

16. Moreover, the payroll and personnel records for the period of time relevant to these claims are unlikely to be so voluminous as to justify a transfer of venue. See Guerrero, 2005 U.S. Dist. LEXIS 41358 at 5 (noting that payroll and personnel records for three plaintiffs "were hardly likely to be so

voluminous that they could not readily be transmitted by fax or briefcase" from Defendant's Northern District office). Therefore, the location of documents in a different city does not provide a sufficient basis for transfer of venue.     See Guerrero, 2005 U.S. Dist. LEXIS 41358 at 5.

17.     In sum, accepting  all uncontroverted facts in Taylor's pleadings as true, resolving any evidentiary conflicts in Taylor's favor and giving Taylor the benefit of every doubt, it is clear that a substantial part of the events material to Taylor's claim occurred in Brazoria County, Texas.  Psarros, 192 F. Supp. 2d at 753.  As such, Taylor has met her burden to establish venue in this district.

B.  The Plaintiff's Choice Of Venue Should Be Respected

18.     Assuming, arguendo, that the Company has sustained its initial burden of proving that Taylor could have brought her suit in Timpson, Texas (which the Company has failed to do), the Company cannot carry its burden of demonstrating that its requested venue is more convenient.  See In Re: Volkswagon, 545 F. 3d at 315; The Led Sign Company, LLC v. Hwee, No. H-08-1463, U.S. Dist. LEXIS 97851 (S.D. Tex. December 3, 2008) (a plaintiff's choice of venue should be respected unless the moving party can clearly demonstrate that the transferee venue is more convenient).

19.     To make this determination, district courts consider the private and public interest factors adopted in In Re: Volkswagon.

-7-

See In Re: Volkswagon, 545 F. 3d at 315. The private interest factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive. In Re: Volkswagon, 545 F. 3d at 315.

20. The public interest factors are 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws. In Re: Volkswagon, 545 F. 3d at 315.

21. Although these factors weigh in favor of venue in the Southern District of Texas, the Company contends that a transfer of venue is warranted because its sources of proof regarding payroll practices and procedures are located in Timpson, Texas (which is approximately 174 miles from Houston, Texas). Contrary to the Company's assertions, these facts do not support a transfer in venue to the Eastern District.

## 1. The Location Of Sources of Proof

22. This is an "off-the-clock" overtime case. As such, the primary sources of proof in this case are Taylor's co-workers residing in Brazoria County, Texas. Taylor's time sheets and paychecks, the only documentary evidence the Company suggests are

-8-

relevant to this case, are not necessarily relevant to whether or not Taylor worked off-the-clock overtime.

23. Additionally, to the extent that Taylor has relevant documents in her possession, the factor of documents would be neutral as both parties would have documents in different forums. Ternium International, U.S.A. Corp. v. Consolidated Systems, Inc., No. 3:08-CV-0816-G, U.S. Dist. LEXIS 15606 (N.D. Tex. February 24, 2009).

24. Importantly, the Company has not identified the witnesses that are key to its case, nor has the Company provided a summary of their testimony.[2] See Guerrero, 2005 U.S. Dist. LEXIS 41358 at 4 (party seeking transfer must clearly specify key witnesses to be called and provide a general description of their testimony).

25. In sum, the Company has failed to show that the location of sources of proof favors a transfer of venue.

## 2. The Cost Of Attendance To Witnesses

26. While the Company does not come right out and say it, the implied argument regarding out of town corporate witnesses clearly comes down to the cost of transporting its employees to testify at trial. However, the cost of attendance for party witnesses is a neutral factor since each party would incur additional expense in transporting its witnesses to the other District. See Ternium, U.S.

---

1 In fact, the Company has not provided any evidence at all in its Motion to Dismiss/Motion to Transfer Venue.

Dist. LEXIS 15606 at 4. The Ternium Court further noted that shifting expenses from one party to the other does not weigh in favor of transferring a case without some evidence that shifting these expenses would serve the interests of justice. See Ternium, U.S. Dist. LEXIS 15606 at 4, citing Frost v. Relion, Inc., No. 3:06-CV-0822-G, 2007 U.S. Dist. LEXIS 17646 at 2 (N.D. Tex. March 2, 2007).

27. Further, the parties may depose any witness who is unwilling or unable to travel to trial. Transfer is not required when the movant fails to explain why it could not effectively present testimony by deposition. Blueearth Biofuels, LLC v. Hawaiian Electric Company, Inc., No. 3-08-CV-1779-L, 2009 U.S. Dist. LEXIS 28146 (N.D. Tex. April 3, 2009). The Company has made no such argument, nor presented such evidence in this case.

28. In sum, the Company has failed to show that any relevant factors, public or private, weigh in favor of the transfer of venue. Accordingly, the Company has not met its burden to show that Timpson, Texas is a more convenient forum.

### V. Conclusion

29. Venue is proper in the Southern District of Texas because a substantial part of the events material to Taylor's FLSA claim occurred in the Southern District of Texas. Additionally, the Plaintiff's choice of venue should be respected because all of the factors relevant to a venue determination are either neutral or

-10-

weigh against transfer.  Therefore, Taylor requests that the Court

deny the Defendants' Motion to Dismiss and Motion to Transfer.

                              Respectfully submitted,


                              _Patricia Hay_

                              Mark Siurek
                              TBA# 18447900
                              Fed ID# 9417
                              3334 Richmond, Suite 100
                              Houston, Texas  77098
                              713-522-0066 (telephone)
                              713-522-9977 (fax)
                              msiurek@warrensiurek.com

                        ATTORNEY-IN-CHARGE FOR PLAINTIFF

                              OF COUNSEL:

                              WARREN & SIUREK, L.L.P.
                              Patricia Haylon
                              TBA# 09281925
                              Fed ID# 13941
                              3334 Richmond, Suite 100
                              Houston, Texas 77098
                              713-522-0066 (telephone)
                              713-522-9977 (fax)
                              thaylon@warrensiurek.com

CERTIFICATE OF DELIVERY

     I hereby certify that a true and correct copy of Plaintiff's Response to Defendants' Motion to Dismiss and Motion to Transfer Venue was sent to all counsel of record by fax and/or email on December 29 2010, properly addressed as follows:

Jeffrey D. Adams
Mettauer Shires & Adams, L.L.P.
112 Cora Street
Center, Texas 75935
936-598-6122 (fax)

Patricia Haylon