UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBIN TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-416 |
| | § | |
| TEXAS CREDIT CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

### I.

Before the Court are the defendants, Texas Credit Corporation and Stacy Pledger's motion to dismiss or transfer this case because of improper venue (Document No. 9), the plaintiff, Robin Taylor's response (Document No. 11) and the defendants' reply (Document No. 12). The Court has examined the pleadings on file and determines that the motion is not well taken and that it should be denied.

### II.

The plaintiff was employed by Texas Credit as an assistant supervisor in its Lake Jackson office located in Brazoria County, Texas. The plaintiff was paid on an hourly basis and now claims that she was underpaid, in that she is owed unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act. *See* 29 U.S.C. § 216(b). The defendants do not dispute that the plaintiff was an hourly wage employee, but asserts instead that the plaintiff's suit involves allegations that the defendant violated the FLSA, and because the alleged illegal act(s) occurred at its corporate office located in Timpson, Texas, the alleged violation occurred in the Eastern District of Texas, as opposed to the Southern District of Texas. Therefore, says the defendants, venue is improper pursuant to Fed.R.Civ.P. 12(b)(3).

### III.

The defendants assert that the plaintiff's suit should be dismissed or, alternatively, transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that…"[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In its motion and reply, the defendants contend that, "with the exception of the Plaintiff, all of the material witnesses with knowledge of Defendant's corporate practices and procedures regarding payroll reside in the Eastern District of Texas." And, as well, the defendants assert, all relevant documents are located in the same District. Therefore, for the convenience of the parties, the case should be transferred.

The plaintiff, on the contrary, argues that a significant or substantial part of the events that give rise to her claims occurred in the Southern District of Texas. In this regard, the plaintiff points out that she was employed in the Southern District at Lake Jackson, Texas. Her co-workers and witnesses are/were employed in the Lake Jackson office; and, she was compensated in that office. The plaintiff relies on *Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 753 (S.D.Tex. 2006), as authority for her position.

### IV.

"Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss an action on the basis of improper venue." *Laserdynamics Inc. v. Acer Am. Corp.*, 209 F.R.D. 388, 390 (S.D. Tex. 2002); *De Joseph v. Odifell Tankers (USA), Inc.*, 196 F.Supp.2d 476, 479 (S.D. Tex. 2002). The majority of courts conform to the standard that once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff. *McCaskey v. Cont'l Airlines, Inc.*, 133 F.Supp.2d 514, 523 (S.D. Tex. 2001); *Bingham v.*

*Envirocare of Utah, Inc.*, 123 F.Supp.2d 1046, 1048 (S.D. Tex. 2000).  In the absence of an evidentiary hearing on the matter, courts will allow a plaintiff to carry this burden by establishing facts, taken as true, that establish venue.  *McCaskey*, 133 F.Supp.2d at 523; *Bigham*, 123 F.Supp.2d at 1048; *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).  The Court will accept uncontroverted facts contained in the plaintiff's pleadings as true, and resolve any conflicts in the parties' documents and affidavits in the plaintiff's favor.  *McCaskey*, 133 F.Supp.2d at 523.  While a defendant need not affirmatively disprove all bases for a plaintiff's choice of venue, courts will provide the plaintiff the benefit of the doubt in ascertaining the controlling facts.  *Id.*

A motion to transfer venue, on the other hand, is governed by 28 U.S.C. § 1404(a).  Specifically, § 1404(a) gives a federal court discretion "to transfer any civil action to any other district or division where it might have been brought" if to do so would be convenient for the parties and witnesses and "in the interest of justice."  28 U.S.C. § 1404(a).  "[T]he purpose of [this] section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26, 27 (1960)); *see also Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 789 (S.D. Tex. 2005).  The movant, however, bears the burden of demonstrating that a transfer is necessary.  *Spiegelberg*, 402 F.Supp.2d at 789; *see also Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

The first issue that a district court must consider in evaluating a motion under § 1404(a) "is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Volkswagen AG*, 371, F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337

3

F.3d 429, 433 (5th Cir. 2003).  Next, the court must consider the issue of "the convenience of the parties and witnesses" which "turns on a number of private and public interest factors, none of which are given dispositive weight."  *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted); *see also Amini Innovation Corp. Bank & Estate Liquidators, Inc.*, 512 F.Supp.2d 1029, 1043 (S.D. Tex. 2007).  The private interest factors include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*In re Volkswagen AG*, 371 F.3d at 203 (citing *Pipe Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).  The public interest factors are listed as follows:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id*.

## V.

The proffered facts show that the defendants' motion for a change of venue rests primarily on the fact that the payroll records relating to the plaintiff's employment are located in Timpson, Texas.  Beyond the business records associated with her employment, it is unlikely that any employee who reports to work in Timpson would have personal knowledge of the plaintiff's work attendances.  Those witnesses would, more likely than not, be located in Lake Jackson where the plaintiff reported to work on a daily basis.  Therefore, the Court is of the opinion that the defendant's proof does not demonstrate that venue is improperly laid.

A transfer for the convenience of the parties in the interest of justice is yet another issue.  *In re Volkswagen AG*, 371 F.3d at 203.  The records and the witnesses that the defendants

4

suggest are necessary hardly exceed a custodian of records and a corporate official—persons who generally have no personal knowledge of the day-to-day activities occurring in Lake Jackson. On the other hand, employees who worked alongside the plaintiff would have such knowledge. Hence, the plaintiff's choice of forum should be accorded deferences in light of the fact that the inconvenience of travel, as between the plaintiff and her witnesses, and the defendants and their witnesses is essentially the same. Moreover, it appears that a substantial, if not all, of the relevant facts occurred in the Southern District of Texas. In this circumstance, none of the public and private interest factors considered, outweigh the plaintiff's choice of forum. *Id*.

Based on the foregoing analysis and discussion, it is the Court's opinion that the defendants' motion to dismiss or transfer should be and it is hereby DENIED.

IT IS SO ORDERED.

SIGNED at Houston, Texas this 20th day of January, 2011.

_____
Kenneth M. Hoyt
United States District Judge

5